**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11548

_____

CLARA ARANDA,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23309-BB

_____

Before JORDAN, NEWSOM, Circuit Judges, and HONEYWELL,* District Judge.

--------

* Honorable Charlene Edwards Honeywell, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

The Court of Appeals for the Federal Circuit generally has exclusive jurisdiction to review cases in which federal employees assert rights under the Civil Service Reform Act of 1978 (CSRA). *See* 5 U.S.C. § 7703(b)(1). "Mixed cases" are one of the limited exceptions in which jurisdiction exists in the district court, rather than the Federal Circuit. *Id.* § 7703(b)(2). A "mixed case" is one in which a federal employee complains of serious adverse personnel action prompted, in whole or in part, by the employing agency's violation of federal antidiscrimination laws. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017).

Federal employee Clara Aranda is an Administrative Law Judge (ALJ) with the Social Security Administration (SSA). Aranda filed a complaint against the SSA in the district court following the administrative denial of her motion for attorney's fees. Finding that Aranda's claims were not based on claims of discrimination, the district court dismissed her case for lack of subject matter jurisdiction. Because Aranda asserted for the first time on a motion for reconsideration that her case is a "mixed case," we find no error in the district court's dismissal, and we affirm.

**I.**

The SSA initiated an action before the Merit Systems Protection Board (MSPB)[1] to remove Aranda for performance reasons. Aranda raised disability discrimination as an affirmative defense to the removal. The case ultimately settled without a decision on the merits. The Settlement Agreement included an express reservation of Aranda's right to pursue attorney's fees.

Aranda then petitioned the MSPB for attorney's fees. The MSPB found that Aranda was a "prevailing party" under the Settlement Agreement but denied Aranda's motion for fees because, among other reasons, it had made no finding of discrimination.

Aranda initiated a case in the district court for the Southern District of Florida seeking judicial review of the MSPB's denial of her claim for attorney's fees. The SSA moved to dismiss, contending that the Court of Appeals for the Federal Circuit is the only court with subject matter jurisdiction over Aranda's claims. The district judge granted the motion to dismiss, reasoning that Aranda's claim for attorney's fees was not a "case[] of discrimination" over which the district court would have subject matter jurisdiction under 5 U.S.C. § 7703(b)(2).

Moving for reconsideration of the district court's order of dismissal, Aranda argued, for the first time, that her case is a "mixed case" under § 7703(b)(2). The district judge denied the motion,

---

[1] In the Civil Service Reform Act of 1978, Congress created the MSPB to review certain serious personnel actions against federal employees. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017).

concluding that Aranda's argument could have been raised earlier and therefore was an inappropriate basis for reconsideration. This appeal followed.

## II

We review de novo the district court's decision to grant the motion to dismiss for lack of subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir. 2007).

Denial of a motion for reconsideration is reviewed for abuse of discretion. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004) (citing *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001)).

## III

The Civil Service Reform Act (CSRA), 5 U.S.C. § 1101 *et seq.*, governs personnel issues involving federal employees. Where an employee asserts rights under the CSRA only, the MSPB's decisions are subject to judicial review exclusively in the Federal Circuit. *Id.* § 7703(b)(1). Limited exceptions to the Federal Circuit's exclusive jurisdiction exist. Relevant here, section 7703(b)(2) sets forth an exception to the Federal Circuit's jurisdiction in which "mixed cases" may be reviewed by a federal district court.

Our analysis starts and ends with Aranda's failure to bring this action as a mixed case. Aranda's complaint sought attorney's fees only. She did not allege that she was seeking review of an MSPB decision related to an action affected, in whole or in part,

because of discrimination. The SSA moved to dismiss the complaint because Aranda failed to allege the existence of a "mixed case" to invoke the district court's jurisdiction. Aranda herself made clear in her response to the motion that she is "not seeking review of a decision with respect to a claim of discrimination." And, confronted with the SSA's argument that the action is not a mixed case, she declined to assert affirmatively that it is.

Aranda's complaint in the district court included no allegations of discrimination. Both counts alleged only entitlement to attorney's fees, expenses, and costs. Additionally, neither party challenged the validity of the Settlement Agreement, which resolved Aranda's affirmative defense of discrimination. In her opening brief, Aranda concedes her case was not processed as a "mixed case." And again at oral argument, Aranda's counsel acknowledged that there was no claim of discrimination brought in the complaint she filed in district court; it was only a suit for attorney's fees. Because Aranda failed to allege a mixed case or otherwise establish the court's jurisdiction, the district court did not err in dismissing Aranda's case. *See Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) ("'Federal courts are courts of limited jurisdiction.' Accordingly, we have 'a special obligation to satisfy [ourselves] … of [our] own jurisdiction' before proceeding to the merits" of the case.).

Reconsideration is appropriate in civil cases when there is "newly-discovered evidence or manifest errors of law or fact." *In re*

*Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Aranda's attempt to argue, for the first time in a motion for reconsideration, that her case was a "mixed case"—a legal position she disavowed in opposing the motion to dismiss—is not newly discovered evidence or manifest error. As the district court concluded, Aranda's theory that she presented a "mixed case" could have been raised earlier, but she failed to do so. Accordingly, the district court did not abuse its discretion in denying Aranda's motion for reconsideration. *See McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) ("[A]buse of discretion standard of review recognizes that . . . there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse[.]").

**AFFIRMED.**